MANRIQUE, APPELLANT, *v.* REGISTRAR OF GUAYAMA, RESPONDENT.

APPEAL from a Decision of the Registrar of Property of Guayama Refusing to Record a Judicial Sale.—Motion for Reconsideration.

No. 604.—Decided February 26, 1925.

RECORD OF TITLE—JUDICIAL SALE—NOTICE BY PUBLICATION—CURABLE D⋅ ⋅⋅T.— The Supreme Court having decided in a former appeal between the same parties that the publication of notices for three consecutive days instead of once a week for twenty days was not an incurable defect which prevented the recording of the judicial sale, but a mere irregularity which did not affect innocent purchasers, the registrar converted the cautionary notice into a record and assigned the said manner of publication as a curable defect. *Held:* That the registrar should not have assigned as a curable defect what the Supreme Court had not held to be one, and that it is not a curable defect, because it can not be cured as regards the sale made and recorded.

The facts are stated in the opinion.

*Mr. A. L. López* for the appellant.

The respondent appeared by brief.

MR. JUSTICE ALDREY delivered the opinion of the court.

The Registrar of Property of Guayama refused to record the judicial sale herein involved because of defects that he considered incurable, assigning also other curable defects.

One of the incurable defects assigned was that the notice of sale of the property had been published on three consecutive days instead of once a week for twenty days. On appeal from that decision (*Manrique* v. *Registrar,* decided July 12, 1924, *ante,* page 515) this court decided to reverse the decision appealed from as to the incurable defects and to affirm it as to the curable defects, saying in the opinion filed in support of that judgment that the defect in the publication of the notice of sale was an error which did not void the contract and citing the case of *Trueba* v. *Martínez,* decided June 27, 1924, *ante,* page 446, in which it was held that that manner of publishing the notice of sale was a mere irregularity that did not affect innocent purchasers.

In view of that judgment the registrar converted the cautionary notice entered on his decision into a final record, but assigned as a curable defect the manner of publishing the notice. From that action the present appeal was taken, the only ground of which is that the registrar acted in violation of the rule that no defect can be assigned that had not been mentioned in the first decision, as held in the case of *Roig* v. *Registrar,* 18 P.R.R. 11. That decision of the registrar was affirmed on the ground that the rule cited was not applicable for the reason that the defect assigned as curable had been assigned previously by the registrar as incurable, and now we are asked to reconsider that decision and to decide definitely that there was no such curable defect, as it is a matter of importance affecting the value of the property that it be recorded without that defect, if it does not actually exist; and although our decision was technically correct, we prefer to decide now whether or not the manner in which the notice of sale was published is a curable defect.

When we decided the appeal between the same parties, *supra,* on the same question and passed on the decision then appealed from because of incurable defects, one of which was the manner in which the notice of sale was pub-

lished, we did not direct that for that reason a curable defect should be assigned in the registry, as we have done in other cases (*Calderón* v. *Registrar,* 31 P.R.R. 339); therefore, the registrar should not have changed our decision by assigning as a curable defect what we had not held to be such. Besides, as such publication of the notice of sale is not a defect which prevents the record, as we have held, much less can it be a curable defect, for it can not be cured as regards the sale made and recorded.

For the foregoing reasons our decision of December 5, 1924, *ante,* page 784, should be set aside and another rendered reversing the decision appealed from of September 29, 1924, in so far as it assigns as a curable defect the manner of publication of the notice of the judicial sale.

*Reversed.*

Chief Justice Del Toro and Justices Wolf, Hutchison and Franco Soto concurred.